**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**OMAR LOXKLEY HUGH MILLER,**

Petitioner,

v. Civil Action No. **3:26CV1426 (RCY)**

**JEFFREY CRAWFORD, *et al.*,**

Respondents.

**MEMORANDUM ORDER**

Petitioner Omar Loxkley Hugh Miller (hereinafter "Petitioner" or "Mr. Miller"), a federal detainee with counsel, submitted a petition under 28 U.S.C. § 2241 and paid the full filing fee. Upon consideration of Petitioner's payment of the full filing fee and the petition for a writ of habeas corpus, it is ORDERED that the Petition (ECF No. 1) is FILED. However, the Petition suffers from a defect that must be addressed before this habeas action may proceed.

Rule 2(c)(5) of the Rules Governing Section 2254[1] Cases requires that petitions pursuant to 28 U.S.C. § 2254—and so, by extension, § 2241—"be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing § 2254 Cases in U.S. District Courts, Rule 2(c)(5). While an attorney *may* qualify as a person authorized to sign on behalf of a petitioner, the Advisory Committee Notes to Rule 2(c) explain: "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner." *Id.*, Advisory Committee Notes, 2004 Amend. Accordingly, any signatory other than the petitioner must independently satisfy the requirements of next friend standing to be

[1] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

deemed properly authorized. "[T]he availability of next friend standing as an avenue into federal court is strictly limited." *Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002).

To establish "next friend" standing, (1) the "next friend must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) the "next friend" must also establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and has "a significant relationship with the real party in interest." *Id.* at 603–04 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 163–64 ). "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 603 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 164).

Petitioner's current submission is not signed by Petitioner,[2] and it fails to demonstrate that counsel qualifies as a "next friend;" it therefore does not comply with Rule 2(c)(5). Specifically, the Petition is silent as to how Mr. Miller is "inaccessible," for purposes of the next friend analysis—detention is not *de facto* inaccessibility. Other similarly situated petitioners have provided the necessary signature. Absent some representation that counsel has been denied access to Mr. Miller and/or that efforts to obtain the necessary signature have been specifically rebuffed by Respondents, the simple logistical difficulties of obtaining Petitioner's signature do not qualify for a finding that Mr. Miller cannot "appear" and thus is in need of a next friend to file on his behalf. Moreover, as previously stated, the attorney-client relationship does not in and of itself satisfy the second prong of the next friend showing: that the individual has "a significant relationship with" the Petitioner. *E.g.*, *Hamdi*, 294 F.3d at 603 ("[T]he Public Defender has not asserted that he has any relationship whatever with the detainee. He has utterly failed to allege,

[2] The Court acknowledges the electronic typewritten "/s/" signature on Petitioner's Declaration, ECF No. 1-4, but finds this to be insufficient for purposes of satisfying the Rule 2 signature requirement.

let alone 'clearly . . . establish' any meaningful relationship between himself and the detainee." (quoting *Whitmore*, 495 U.S. at 164)).

Accordingly, Petitioner is DIRECTED to submit, within fourteen (14) days of the date of entry hereof, a petition complying with Rule 2 or more substantive argument as to why counsel should qualify as a "next friend." Only upon the filing of a properly compliant Petition will the Court be authorized to take up the issues raised in the Petition.

Failure to comply with this order WILL result in dismissal of the action. *See* Fed. R. Civ. P. 41(b).

The Clerk is DIRECTED to send a copy of this Memorandum Order to counsel for Petitioner.

It is so ORDERED.

/s/ RCY
Roderick C. Young
United States District Judge

Date: November 2, 2026
Richmond, Virginia